Appeals of GEORGE O. MAY.        Docket Nos. 2177, 2339.

Upon the evidence, *held*, that the American Institute of Accountants is not a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals.

Submitted April 21, 1925; decided May 23, 1925.

*Dean Acheson, Esq.*, and *Edward B. Burling, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

These appeals are taken from deficiencies in income taxes determined by the Commissioner in the sums of $5,251.79 for the year 1918 and $2,498.56 for the year 1919. The sole question at issue is whether the American Institute of Accountants is a corporation, contributions to which are allowable as deductions under section 214 (a) (11) of the Revenue Act of 1918.

### FINDINGS OF FACT.

The taxpayer is a member of the American Institute of Accountants (hereinafter called the institute). In 1918 he donated $10,000 to the institute and in 1919 he made a similar donation to it of $4,403.52. In his income-tax returns for those years he claimed deductions of these sums as contributions subject to deduction under section 214 (a) of the Revenue Act of 1918. The Commissioner disallowed such deductions and determined the deficiencies appealed from.

The institute is a corporation organized under the provisions of subchapter III, of chapter XVIII, of an Act of Congress entitled "An Act To establish a code of law for the District of Columbia," approved March 3, 1901, and amendatory and supplemental statutes. It was incorporated under the name of "The Institute of Accountants in the United States of America" on May 23, 1916. Its certificate of incorporation indicated its objects as follows:

The particular business and objects of the corporation are: to unite the accountancy profession of the United States of America; to promote and maintain high professional and moral standards; to safeguard the interests of public accountants; to advance the science of accountancy; to develop and improve accountancy education; to provide for the examination of candidates for membership; and to encourage cordial intercourse among accountants practicing in the United States of America.

The same language is contained in the description of the objects of the institute contained in article I of its constitution. On January 22, 1917, its name was changed to "American Institute of Accountants." No part of the net earnings of the institute inures to the benefit of any private stockholder or individual. Among its activities are the following: It holds annual meetings, at which distinguished accountants are invited to make addresses upon various problems which arise in the practice of accountancy. These addresses are published and are available to the public. Through a

committee it inspects schools and colleges, and through its yearbook it lists and classifies them with respect to their standards of accountancy education. It prepares and publishes a bibliography of books for study in connection with preparation for the practice of accountancy, which is made available for general distribution. It publishes four textbooks for use in the study of accountancy, which are sold to the public at cost. It seeks the enactment of laws establishing standards of education for those practicing accountancy and aids governmental boards of examiners in the preparation and conduct of examinations of accountants. It conducts a research library, which is open to the public and is in charge of expert librarians.

## DECISION.

The determinations of the Commissioner are approved.

## OPINION.

IVINS: Section 214 (a) (11) of the Revenue Act of 1918 provides for the deduction of:

Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act, to an amount not in excess of 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph.

Is the American Institute of Accountants such a corporation as is described in this subdivision of the law? We think not. In the first place, to come within the provisions of the statute a corporation must be both organized and operated exclusively for one or more of the purposes mentioned. The fact that the institute was incorporated under subchapter III, District of Columbia Code, does not necessarily bring it within the provisions of the revenue act quoted above. The title of that subchapter is "societies, benevolent, educational, and so forth," and section 599 thereof provides for the organization of societies for "benevolent, charitable, educational, literary, musical, scientific, religious, or missionary purposes, including societies formed for mutual improvement or for the promotion of the arts." This includes many kinds of objects not included among those of the corporations covered by section 214 (a) (11), *supra*.

The certificate of incorporation of the institute indicates, among its objects, "to unite the accountancy profession * * * to safeguard the interests of public accountants * * * to encourage cordial intercourse among accountants * * *," which objects are incompatible with the provisions of section 214 (a) (11) that, in order to entitle a taxpayer to the deduction therein provided, the corporation to which the contribution is made must be organized *exclusively* for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals.

Regardless of what its actual practices may be, the purposes for which it is organized are sufficient to take it out of the classification of corporations contained in section 214 (a) (11).